## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JESUS MORENO,**

        **Plaintiff,**

**vs.**

**DEVON ENERGY CORPORATION, and**
**DEVON ENERGY PRODUCTION**
**COMPANY L.P.,**

        **Defendants.**

## NOTICE OF REMOVAL

COMES NOW Defendants, Devon Energy Corporation ("DEC") and Devon Energy Production Company L.P. ("DEPCO"), by and through their attorneys of record, Hinkle Shanor LLP (Andrew J. Cloutier and Parker B. Folse), and pursuant to 28 U.S.C. §§ 1441 and 1446 hereby file this *Notice of Removal*, signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, and state as follows:

### I.  STATEMENT OF RELEVANT FACTS

1.  On March 29, 2022, Plaintiff Jesus Moreno filed suit in New Mexico State District Court in Santa Fe County, New Mexico alleging Defendants were negligent in causing personal injuries he suffered in 2017. *See* Ex. 1, *Complaint*.

2.  Defendant DEPCO was served via its registered agent on April 20, 2022.[1]

3.  Plaintiff is a resident, and upon information and belief is also a citizen, of the State of Texas. *See* Ex. 1, *Complaint*, ¶ 1; Ex. 2, *Declaration of Edward Highberger*, ¶ 13.

---

[1] This *Notice* is timely filed. *See* 28 U.S.C. § 1446(b).

4.      Plaintiff alleges that Devon Energy Corporation ("DEC") is a foreign limited liability company headquartered in Oklahoma City, Oklahoma. Ex. 1, ¶ 2.

5.      However, as the name indicates, Devon Energy Corporation is a foreign *corporation*, not a limited liability company, incorporated under the laws of Delaware with its principal place of business in Oklahoma. *See* Ex. 2, ¶ 3.

6.      DEC is a citizen of Delaware and Oklahoma. *See* Ex. 2, ¶¶ 3-4.

7.      DEC does not transact business in New Mexico. *See* Ex. 2, ¶ 4; Ex. 3, *New Mexico Secretary of State Corporation Database*.

8.      Plaintiff also alleges that Devon Energy Production Company, L.P. is a foreign limited liability company that is headquartered in Oklahoma City, Oklahoma. Ex. 1, ¶ 3.

9.      However, as the name indicates, Devon Energy Production Company L.P. ("DEPCO") is a limited partnership with a general partner of DVN Operating Company L.L.C., a Delaware limited liability company, and a sole limited partner of Devon OEI Operating, L.L.C., a Delaware limited liability company. *See* Ex. 2, ¶ 6; Ex. 4. *New Mexico Secretary of State Corporation Database*.

10.     DVN Operating Company, L.L.C.'s sole member is Devon OEI Operating, LLC, a Delaware limited liability company. Ex. 2, ¶ 7; Ex. 5, *New Mexico Secretary of State Corporation Database*.[2]

11.     Devon OEI Operating L.L.C.'s sole member is Devon OEI Holdings, LLC, a Delaware limited lability company. Ex. 2, ¶ 8.

---

[2] For some reason, the New Mexico's Secretary of State's website incorrectly denominates DVN Operating Company L.L.C. as a corporation and not a limited liability company. This does not have any material effect on determining DEPCO's citizenship.

12.    Devon OEI Holdings, L.L.C.'s sole member is Devon Energy Corporation (Oklahoma), which is an Oklahoma corporation with its principal place of business in Oklahoma City, Oklahoma. Ex. 2, ¶¶ 9-10.

13.    DEPCO is a citizen of both Delaware and Oklahoma.

14.    As a result, the citizenship of DEC and DEPCO is Delaware and Oklahoma.

15.    Defendants are not incorporated under the laws of New Mexico and are not citizens of the State of New Mexico. *See* Ex. 2, ¶ 11.

16.    Plaintiff alleges that he fell off a drilling rig in 2017 in Lea County, New Mexico that caused "serious injuries to his head, back, left ankle and right shoulder" resulting in "severe pain, physical impairment, discomfort, disfigurement, mental anguish and distress" in addition to "loss of earning in the past, as well as a loss of future earning capacity." Ex. 1, *Complaint*, ¶¶ 11 & 15.

17.    Plaintiff previously sued Defendants in Texas state court for the same claims arising from the same 2017 incident and sought monetary relief in an amount that exceeded $1 million dollars in damages.[3] *See* Ex. 2, ¶ 15.

18.    Therefore, the amount in controversy in this dispute exceeds $75,000.00 in damages, exclusive of interest and costs.

19.    There is complete diversity of citizenship between the parties.

20.    This Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332.

---

[3] Plaintiff's claims against Defendants were dismissed on February 24, 2022, when the Texas Court of Appeals for the First District of Texas reversed the trial court order and rendered judgment after concluding that State of Texas did not have jurisdiction.

## II.   LEGAL ANALYSIS

This Court has original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332(a)(1) (2011). The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the suit is between citizens of different states.[4]

### A.   There is Complete Diversity of Citizenship

*Plaintiff is a citizen of Texas*

Plaintiff's Complaint alleges that he is a resident of the State of Texas. *See* Ex. 1, ¶ 1. In responding to discovery in the prior dismissed lawsuit, Plaintiff admitted, by Requests for Admission, that his permanent residence was Lubbock, Texas, that he possessed a valid Texas identification card issued on May 16, 2016, and that he was a "citizen" of the State of Texas. *See* Ex. 2, ¶ 13. Therefore, upon information and belief, Plaintiff is a citizen of the State of Texas for purposes of 28 U.S.C. § 1332 diversity jurisdiction.

*Defendants are citizens of Oklahoma and Delaware*

Citizenship of Corporations

Section 1332 provides that a corporation is a citizen where they are incorporated and where it has its principal place of business. 28 U.S.C § 1332(c)(1). A corporation's "principal place of businesses" is where the corporation "maintains its headquarters" or where the "corporation's officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve center." *Hertz Corp. v. Fried*, 5 U.S. 77, 92-93 (2010) (adopting the "nerve center" test); *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) ("For diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is

---

[4] No Defendant is a citizen of the State of New Mexico. *See* 28 U.S.C. § 1441(b)(2).

located."). Devon Energy Corporation is incorporated in Delaware, and it has its "principal place of business" in Oklahoma. *See* Ex. 2, ¶¶ 3-5. As a result, DEC is a citizen of both Delaware and Oklahoma for purposes of 28 U.S.C. § 1332 diversity jurisdiction.

Citizenship of Limited Partnerships and Limited Liability Companies

Unincorporated business associations are citizens for purposes of federal diversity jurisdiction where each of their members are citizens. Diversity jurisdiction in a suit by or against the unincorporated entity depends on the citizenship of "all the members." *See Chapman v. Barney*, 129 U.S. 677 (1889), *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905–06 (10th Cir. 2015) ("the Supreme Court has held an unincorporated entity's citizenship is typically determined by its members' citizenship (the '*Chapman* rule').")"; *Carden v. Arkoma Associates*, 494 U.S. 185, 195–96 (1990). And, although determinative for corporations, unincorporated business associations are *not* citizens where they may have their "principal place of business." *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) ("this court must reject Century Surety's request to determine the citizenship of Siloam Springs by reference to its state of organization and the state of its primary business operations and, instead, joins all other circuits that have considered the matter in concluding Siloam Springs takes the citizenship of all its members."). "[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members. Accordingly, the citizenship of an LLC is determined by the citizenship of its members. And as with partnerships, where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3rd Cir. 2010) (internal quotations and citations omitted).

DEPCO, as a limited partnership, is citizen where all its members are citizens. DEPCO's partners, or members, are DVN Operating Company, L.L.C. and Devon OEI Operating, L.L.C.. *See* Ex. 2. DVN Operating Company L.L.C.'s sole member is Devon OEI Operating, L.L.C. Devon OEI Operating L.L.C. is a Delaware limited liability company with a sole member of DVN OEI Holdings L.L.C., a Delaware limited liability company. *See* Ex. 2. Devon OEI Holdings, L.L.C. is a Delaware limited liability company with a sole member of Devon Energy Corporation (Oklahoma). Ex. 2. Devon Energy Corporation (Oklahoma) is an Oklahoma corporation with its principal place of business in Oklahoma City, Oklahoma. *See* Ex. 2, ¶ 10. As a result, tracing through all the members of DEPCO's partners and the relevant members of those limited liability companies and corporate members, DEPCO is a citizen of both Delaware and Oklahoma for purposes of 28 U.S.C. § 1332 diversity jurisdiction. With Plaintiff being a citizen of Texas and Defendants being citizens of Delaware and Oklahoma, there is complete diversity.

**B. The Amount in Controversy Exceeds the Jurisdictional Limit**

Pursuant to Section 1332 for there to be diversity jurisdiction the matter in controversy must also exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Although Plaintiff's Complaint does not specify any particular amount of damages—as it is prohibited under New Mexico state court pleading practice, *see* NMRA Rule 1-008(A)(3) ("...the complaint shall not contain an allegation for damages in any specific monetary amount...")[5]—the factual allegations in the Complaint, incorporated and referenced in this *Notice of Removal*, establish, upon plausible

---

[5] Where state practice does not permit a demand for a specific sum, the Notice of Removal may assert that the amount in controversy exceeds the jurisdictional limit. *See* 28 U.S.C. § 1446(c)(2)(A)(i)-(ii); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

information and belief, that the amount in controversy for this matter exceeds the jurisdictional minimum of $75,000.00, exclusive of interests and costs. *See* Ex. 1. Plaintiff seeks monetary damages for "serious injuries to his head, back, left ankle and right shoulder" resulting in "severe pain, physical impairment, discomfort, disfigurement, mental anguish and distress" in addition to "loss of earning in the past, as well as a loss of future earning capacity." Additionally, in the dismissed near identical Texas proceeding arising out of the same 2017 incident, Plaintiff sought monetary relief "over $1,000,000.00." Ex. 2, ¶ 15. The nature of Plaintiff's factual allegations and his explicit prior requested monetary relief establish the amount in controversy exceeds $75,000.00, exclusive of interest and costs. [6] *See* Ex.'s 1 & 2.

## III.   CONCLUSION

Defendants hereby remove this case to the United States District Court for the District of New Mexico and request that this Court retain jurisdiction for all further proceedings.

Respectfully Submitted,

**HINKLE SHANOR LLP**

By: */s/ Parker B. Folse*
Andrew J. Cloutier
Parker B. Folse
P.O. Box 10
Roswell, NM 88202-0010
(575) 622-6510
(575) 623-9332 (Facsimile)
acloutier@hinklelawfirm.com
pfolse@hinklelawfirm.com

*Attorneys for Defendants*

---

[6] Prior demands are sufficient to establish the amount in controversy. *See McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("a plaintiff's proposed settlement amount is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.").

## CERTIFICATE OF SERVICE

Pursuant to D.N.M.LR-Civ. 5.1, I hereby certify that the foregoing *Notice of Removal* was

served on the following on May 05, 2022, by the method reflected:

| Persons Served | Method |
|---|---|
| ARNOLD &ITKIN LLP | |
| | |
| Noah M. Wexler | CM-ECF |
| Trent A. Shelton | |
| 6009 Memorial Drive | |
| Houston, Texas 77007 | |
| Tel: 713-222-3800 | |
| Fax: 713-222-3850 | |
| nwexler@arnolditkin.com | |
| tshelton@arnolditkin.com | |
| e-service@arnolditkin.com | |

*Attorneys for Plaintiff*