## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JESUS MORENO,

      Plaintiff,

v.                                    Civ. No. 1:22-cv-00345 MIS/JHR

DEVON ENERGY CORPORATION and
DEVON ENERGY PRODUCTION
COMPANY, L.P.,

      Defendants.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Devon Energy Corporation's ("DEC") Motion to Dismiss for Lack of Personal Jurisdiction. ECF No. 9. Plaintiff responded, and DEC replied. ECF Nos. 14, 18. The Court will grant the motion and dismiss all claims against DEC for the reasons that follow.

### BACKGROUND

Plaintiff filed suit in state court on March 29, 2022, alleging claims of negligence, negligence per se, and gross negligence against Defendants DEC and Devon Energy Production Company, L.P. ("DEPCO"). ECF No. 1-2. Defendants removed the case on May 5, 2022. ECF No. 1. Plaintiff was injured on October 31, 2017, while working on a drilling rig ("Rig 242") in Lea County, New Mexico. ECF No. 1-2 at ¶ 9. Plaintiff alleges Rig 242 "was managed, owned, and operated by Defendants" and that "Defendants' collective failure" to manage operations and implement safety measures caused his injuries. *Id.* at ¶¶ 9, 10. The declarations of Edward Highberger and Bryan Knopp,[1]

---

[1] Edward Highberger is an employee of DEPCO. ECF No. 9-1 at ¶ 1. Bryan Knopp is a Completions Manager for DEPCO. ECF No. 9-2 at ¶ 1. Both declarants state they have personal knowledge of the matters to which they attest. *Id.*; ECF No. 9-1 at ¶ 1.

attached to DEC's motion, establish that Rig 242 was "situated on a DEPCO location," ECF No. 9-2 at ¶ 3, and that DEPCO is a wholly-owned third-tier subsidiary of DEC, ECF No. 9-1 at ¶ 10–13.

## LEGAL STANDARD

To establish personal jurisdiction over a nonresident defendant in a diversity action, the plaintiff must show that (1) "jurisdiction is proper under the laws of the forum state," and (2) "the exercise of jurisdiction would not offend due process." *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). New Mexico's long-arm statute "extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible." *Tercero v. Roman Catholic Diocese*, 48 P.3d 50, 54 (N.M. 2002); N.M. Stat. § 38-1-16 (2018). Therefore, the statutory inquiry collapses into the constitutional analysis. *Anzures v. Flagship Rest. Grp.*, 819 F.3d 1277, 1279 (10th Cir. 2016).

The Due Process Clause permits personal jurisdiction over a nonresident defendant "so long as there exist minimum contacts between the defendant and the forum State." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). The requisite "minimum contacts" may be established in one of two ways. *Intercon*, 205 F.3d at 1247. First, the court may exercise "general jurisdiction" when a defendant is "essentially at home" in the forum state. *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1024 (2021). General jurisdiction "extends to any and all claims brought against a defendant," but demands proportionally greater contacts with the forum state. *Id*. Second, the court may exercise "specific jurisdiction" over a nonresident

defendant "only for claims related to the defendant's contacts with the forum State." *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 840 (10th Cir. 2020).

On a Rule 12(b)(2) motion, "[t]he plaintiff has the burden of establishing personal jurisdiction." *Id*. at 839. "Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing." *Behagen v. Amateur Basketball Assoc.*, 744 F.2d 731, 733 (10th Cir. 1984). The court takes as true "all well-pled (that is, plausible, non-conclusory, and non-speculative) facts" alleged in the complaint, unless they are contested by affidavit or other written materials. *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1070 (10th Cir. 2008); *see also Schrader v. Biddinger*, 633 F.3d 1235, 1248 (10th Cir. 2011) ("[E]ven well-pleaded jurisdictional allegations are not accepted as true once they are controverted by affidavit," which may in turn be contradicted by "specific averments, verified allegations, or other evidence sufficient to create a genuine issue of fact."). If the parties present contradictory affidavits, all factual disputes must be resolved in the plaintiff's favor. *Behagen*, 744 F.2d at 733.

## DISCUSSION

### I.    General Jurisdiction

A court may assert general jurisdiction over foreign defendants "to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011). A corporation is subject to general jurisdiction in its place of incorporation and its principal place of business. *Ford Motor Co.*, 141 S. Ct. at 1024. The Supreme Court has also left open the possibility that

in "an exceptional case," a corporation might be "at home" elsewhere. *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014).

There is no dispute that DEC is incorporated under the laws of Delaware and has its principal place of business in Oklahoma. ECF No. 9-1 at ¶ 4. However, Plaintiff contends this is the "exceptional case" in which general jurisdiction lies elsewhere because (1) DEC's social media accounts state it does "a substantial amount of business" in New Mexico, and (2) DEC has offices and operations and is actively recruiting employees in New Mexico.[2] ECF No. 14 at 10. Plaintiff attaches evidence in the form of (1) a statement from Devon Energy's website that Devon conducts operations in the Delaware Basin of southeast New Mexico and west Texas; (2) Devon Energy's Twitter page, which states it has a "world-class" position in the Delaware basin; (3) Devon Energy's Facebook page, which again references its "world-class" position in the Delaware Basin; and (4) search results from Devon Energy's website showing two job listings in Artesia, New Mexico. ECF Nos. 14-1, 14-2, 14-3, 14-4.

The Court is unpersuaded. It is not clear that "Devon" or "Devon Energy," as used in Plaintiff's exhibits, refers to DEC rather than its subsidiaries. Even assuming that all of these statements describe DEC's activities and not those of its subsidiaries, the exhibits fall short of demonstrating the "exceptional case" where general jurisdiction should be extended beyond the state of incorporation and the principal place of business. The fact

---

[2] Plaintiff also states that DEC is registered to do business in New Mexico, and purports to attach an exhibit from the New Mexico Secretary of State. ECF No. 14 at 11 ("*See* New Mexico Secretary of State, Corp. and Bus. Services, attached as Ex. 3."). Exhibit 3 is a screenshot of Devon Energy's Facebook page and appears to contain no information from the New Mexico Secretary of State. Because DEC presents evidence uncontroverted by "specific averments, verified allegations, or other evidence" that it is not registered to do business in New Mexico, does not have a registered agent in New Mexico, and has not had a registered agent in New Mexico since 2014, the Court does not consider Plaintiff's argument. *See Schrader*, 633 F.3d at 1248; ECF Nos. 9-1 at ¶¶ 7–8; 18-1 at 1–2.

that a defendant does substantial business in a state or has employees in the state is plainly insufficient to create the requisite minimum contacts. *See*, *e.g.*, *Daimler*, 571 U.S. at 138 (rejecting plaintiffs' argument for "the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business"); *BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (finding no "exceptional case" within the meaning of *Daimler* where the defendant had "over 2,000 miles of railroad track and more than 2,000 employees" in the forum state). Therefore, the Court finds no general jurisdiction over DEC.

## II.    Specific Jurisdiction

A court may assert specific jurisdiction over a non-resident defendant only if the defendant "purposefully directed" its activities at residents of the forum, and the alleged injuries "arise out of or relate to" those activities. *Burger King*, 471 U.S. at 472. To assess personal jurisdiction over tort-based claims, the court first determines whether there was "purposeful direction" toward the forum state in the form of: "(1) an intentional action; (2) expressly aimed at the forum state; and (3) with knowledge that the brunt of the injury would be felt in the forum state." *Dental Dynamics*, 946 F.3d at 1231. Second, after demonstrating that the defendant purposefully directed its activities toward the forum state, the plaintiff must show that the alleged injuries "arise out of or relate to" those activities. *Burger King*, 471 U.S. at 472 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

DEC proffers evidence that "DEC does not, and did not in 2017, transact business in New Mexico." ECF No. 9-1 at ¶ 6. More specifically, it proffers evidence that "DEC does not—and did not in 2017—manage, own, or operate Rig 242, or any drilling sites in New

Mexico, including any location where Rig 242 was located" and that "DEC was not involved with any of the events giving rise to Plaintiff Moreno's alleged claims of personal injury that occurred when Moreno fell off Rig 242 on October 31, 2017."  ECF No. 9-2 at ¶¶ 4, 5. Rig 242 was "situated on a DEPCO location."[3] *Id*. at ¶ 3. DEPCO and DEC are distinct entities, and "[a] holding or parent company has a separate corporate existence and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1081 (10th Cir. 2004) (quotation omitted). Accordingly, the activities of DEPCO or other subsidiaries cannot be imputed to DEC for the purpose of assessing DEC's business contacts with New Mexico.[4] *See id*.

Plaintiff's exhibits, previously summarized, do not establish the requisite minimum contacts with New Mexico. Again, it is not clear that the business referenced on Devon Energy's website and in its social media profiles represents activity by DEC rather than its subsidiaries. It is a "common business practice" for a parent company to make "generic statements" that do not distinguish its subsidiaries' business activities, particularly in a legally informal context. *Berry v. Bryant*, Civ. No. 11-cv-0514 JCH/GBW, 2012 U.S. Dist. LEXIS 200098, at *17 (D.N.M. Mar. 15, 2012) (quoting *Moody v. Charming Shoppes of Del., Inc.*, 2008 U.S. Dist. LEXIS 120585, at *4 (N.D. Cal. 2008)); *see also Lucero v. Carlsbad Med. Ctr., LLC*, Civ. No. 2:18-cv-00148 WJ/LF, 2018 U.S. Dist. LEXIS 109527,

---

[3] Mr. Knopp's declaration does not explicitly state whether Rig 242 was managed, owned, or operated by DEPCO. Whether DEPCO or some other, unidentified company was responsible for Rig 242's operation is immaterial to the Court's personal jurisdiction analysis.

[4] DEPCO's contacts might be imputed to DEC if, for example, Plaintiff could show that DEPCO is an alter ego of DEC. *See Jemez Agency v. Cigna Corp.*, 866 F. Supp. 1340, 1343 (D.N.M. 1994). But Plaintiff neither alleged in the Complaint nor argued in his briefing any theory that would support attributing the contacts of the subsidiary to the parent. The Court therefore declines to consider any such theory.

at *12 (D.N.M. June 29, 2018) ("[C]ollective references in press releases do not establish in personam jurisdiction[.]" (quoting *Moody*, 2008 U.S. Dist. LEXIS 120585, at *4)). On the contrary, Mr. Highberger's declaration states clearly that "DEC does not, and did not in 2017, transact business in New Mexico." ECF No. 9-1 at ¶ 6. It therefore does not appear that DEC—as distinct from its subsidiaries—has purposefully directed its activities toward New Mexico.

Even assuming, arguendo, that Plaintiff's exhibits established purposeful direction toward New Mexico, it is not enough for a defendant to direct purposeful activities toward the forum state; the plaintiff's claims must also "arise out of or relate to" those activities. *XMission*, 955 F.3d at 840. Nothing presented by Plaintiff controverts DEC's evidence that it did not manage, own, or operate Rig 242 or any other drilling site in New Mexico at the time of Plaintiff's accident. ECF No. 9-2 at ¶ 4. In short, even if the Court were to credit Plaintiff's arguments that DEC conducted business in New Mexico from 2017 through the present, Plaintiff has not shown that the alleged torts arose out of or related to that business. The only connection alleged between DEC and Plaintiff's injuries is that DEC, together with DEPCO, "managed, owned, and operated" Rig 242. ECF No. 1-2 at ¶ 9. This allegation is controverted by DEC's written evidence and therefore cannot be taken as true. *See Schrader*, 633 F.3d at 1248. The Court finds no specific personal jurisdiction over DEC.

## CONCLUSION

For the foregoing reasons, Defendant Devon Energy Corporation's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 9) is **GRANTED**. Plaintiff's claims

against Defendant Devon Energy Corporation are hereby **DISMISSED WITHOUT PREJUDICE**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE