**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JESUS MORENO,

      Plaintiff,

v.                                                    No. 1:22-cv-00345-MIS-JHR

DEVON ENERGY CORPORATION and
DEVON ENERGY PRODUCTION
COMPANY, L.P.,

      Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT DEPCO'S MOTION TO DISMISS**

THIS MATTER is before the Court on "Defendant Devon Energy Production Company, L.P.'s Rule 12(b)(6) Motion for Failure to State a Claim" ("Motion") [ECF No. 10], filed May 25, 2022, by Defendant Devon Energy Production Company, L.P. ("Defendant DEPCO"). Plaintiff Jesus Moreno ("Plaintiff") responded, and Defendant DEPCO replied. ECF Nos. 15, 17. Defendant DEPCO seeks dismissal of all claims in Plaintiff's Complaint [ECF No. 1-2], pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). ECF No. 10 at 5. Upon due consideration of the parties' submissions, Plaintiff's Complaint, and the relevant law, the Court will **DENY** the Motion and allow Plaintiff leave to amend the Complaint.

**BACKGROUND**

This case arises from an indecent during which Plaintiff was thrown off a drilling rig. On or about October 31, 2017, Plaintiff was working on a land rig in Lea County, New Mexico, at a drilling site managed, owned, and operated by Defendants Devon Energy

Corporation[1] and DEPCO. ECF No. 1-2 at 3, ¶ 9. According to Plaintiff, because of the Defendants' collective failure to: (1) properly manage and operate the drilling operations, specifically the blowout preventer ("BOP"), by failing to control the X nipple passing through the BOP annular rubber; (2) failure to use any fall harness protection; and (3) failure to implement stop work authority and other policies and procedures, Plaintiff was thrown down to the rig floor and fell several feet below. *Id.* at 3, ¶ 10. As a result of this incident, Plaintiff suffered injuries to his head, back, left ankle, and right shoulder. *Id.* at 4, ¶ 11.

Plaintiff filed suit in New Mexico state court on March 29, 2022, alleging claims of negligence, negligence per se, and gross negligence against Defendants Devon Energy Corporation and DEPCO. ECF No. 1-2 at 4, ¶ 14. Defendants removed the case to federal court on May 5, 2022. ECF No. 1 at 1. Thereafter, Defendant DEPCO filed the underlying Motion pursuant to Rule 12(b)(6), arguing Plaintiff's Complaint should be dismissed because it does not recite requisite factual allegations and, further, Plaintiff's claims are barred by the statute of limitations. ECF No. 10 at 5.

## LEGAL STANDARDS

### I. Motion to Dismiss

Pursuant to Rule 12(b)(6), a party may move for dismissal if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[1] All claims against Defendant Devon Energy Corporation have been dismissed without prejudice. ECF No. 21 at 7–8.

678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not impose a probability requirement but demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. Although the court must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor, the plaintiff still "must nudge the claim across the line from conceivable or speculative to plausible." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021). Additionally, if the allegations in a complaint show that the governing statute of limitations bars relief for a certain cause of action, that cause of action is subject to dismissal for failure to state a claim. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## II. Leave to Amend

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." The court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Further, "[i]n dismissing a complaint for failure to state a claim, the court should grant leave to amend freely 'if it appears at all possible that the plaintiff can correct the defect.'" *Triplett v. LeFlore Cnty., Okl.*, 712 F.2d 444, 446 (10th Cir. 1983) (quoting 3 Moore's Federal Practice, ¶ 15.10 & n. 2 (1983)). To determine whether leave to amend should be granted, the court can consider the following factors: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Foman v. Davis*,

371 U.S. 178, 182 (1962). A court must have substantial reason to deny a request for leave to amend. *See id.*

## DISCUSSION

The Court first addresses whether Plaintiff's Complaint fails to state a claim for which relief can be granted as per Rule 12(b)(6). Defendant DEPCO argues Plaintiff's Complaint fails to plead all the necessary elements of negligence. ECF No. 10 at 9–10. Specially, Defendant DEPCO asserts Plaintiff fails to allege that Defendant DEPCO had a legally cognizable duty to Plaintiff and that there was a breach of said duty. *Id.* Plaintiff, on the other hand, contends the Complaint sufficiently alleges facts that, if accepted as true, would permit Plaintiff to prevail on all the claims plead in the Complaint. ECF No. 15 at 4. In the alternative, Plaintiff requests leave to amend the Complaint to remedy any issues. *Id.* at 1 n.1.

In New Mexico, a claim of negligence requires the following elements: (1) the existence of a duty running from the defendant to the plaintiff; (2) a breach of that duty based on a reasonable care standard; and (3) the breach of duty is both the proximate and cause in fact of the plaintiff's damages. *Herrera v. Quality Pontiac*, 73 P.3d 181, 186 (N.M. 2003). The Court agrees with Defendant DEPCO that Plaintiff's Complaint fails to allege what, if any, duty Defendant DEPCO owed to Plaintiff and that there was a breach of such duty. However, the Court will allow Plaintiff leave to amend the complaint to address these deficiencies.[2] The Court finds allowing amendment would not result in

---

[2] Defendant DEPCO also asserts that Plaintiff's Complaint fails to plead sufficient facts warranting applicability of New Mexico's saving statute, N.M. Stat. Ann. § 37-1-14 (1978), to toll the statute of limitations. ECF No. 10 at 11–23. The Court is in agreement. Plaintiff must state with specificity the applicability of the saving statute, particularly in light of the fact the Texas state court suit against Defendant

undue delay. Further, there is no evidence of bad faith or dilatory motive, a repeated failure to cure deficiencies, or of undue prejudice or futility of the amendment. Lastly, amendment of the Complaint is in the interests of justice and judicial efficiency.

## CONCLUSION

For the foregoing reasons, "Defendant Devon Energy Production Company, L.P.'s Rule 12(b)(6) Motion for Failure to State a Claim" [ECF No. 10] is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff shall have **30 DAYS** from the date of this Order to file an amended complaint. If Plaintiff does not file an amended complaint within 30 days, the claims against Defendant DEPCO shall be dismissed with prejudice. Defendant DEPCO shall not be prejudiced, as a result of this Order, from filing a new dispositive motion based on the amended complaint.

*[signature: Margaret Strickland]*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

DEPCO was untimely filed per the Texas statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 71.004(a).