**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JESUS MORENO,

     Plaintiff,

v.                                         No. 1:22-cv-00345-MIS-JHR

DEVON ENERGY CORPORATION and
DEVON ENERGY PRODUCTION
COMPANY, L.P.,

     Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANTS' MOTION TO DISMISS**

**THIS MATTER** is before the Court on Defendant Devon Energy Production Company,

L.P.'s Rule 12(b)(6) Motion for Failure to State a Claim [sic] ("Motion"), ECF No. 26, filed April

21, 2023.  Plaintiff Jesus Moreno ("Plaintiff") responded, and Defendant replied. ECF Nos. 27,

28. Upon due consideration of the parties' submissions, the record, and the relevant law, the Court

will **GRANT** the Motion.

**I.**       **FACTUAL BACKGROUND**

     This case arises from an incident that occurred on October 31, 2017, in which Plaintiff

allegedly was thrown from an oil rig while working at a drilling site in Lea County, New Mexico

and sustained injuries to his head, back, ankle, and left shoulder.  ECF No. 25 ¶¶ 8-10.  Plaintiff

further alleges that Defendant managed, owned, and operated the drilling site at which he was

injured, and that on the date of Plaintiff's accident, Defendant failed to properly manage drilling

operations at the site or implement proper safety measures and protocols.  Id. ¶¶ 8-9.  Based on the

foregoing allegations, Plaintiff brings a negligence claim against Defendant.  Id. ¶¶ 12-15.

1

## II.    PROCEDURAL HISTORY

Plaintiff—a Texas resident—filed suit against Defendant Devon Energy Production Company, L.P. and other parties in Texas state court on July 6, 2020, based on the incident giving rise to his instant case ("original lawsuit").  Id. ¶¶ 1, 6.  Defendant and Devon Energy Corporation ("DEC"), an entity that has since been dismissed from the instant proceeding, see ECF No. 21 at 7, entered special appearances contesting the Texas trial court's exercise of personal jurisdiction, ECF No. 26 at 3; ECF No. 27 at 1.  After the Texas trial court denied Defendant and DEC's special appearances and the entities appealed that decision, on February 24, 2022, the Texas Court of Appeals reversed the trial court and dismissed Plaintiff's original lawsuit on the basis that Defendant and DEC were not subject to the Texas trial court's exercise of personal jurisdiction. ECF No. 25 ¶ 6; ECF No. 26 ¶ 17; ECF No. 27-3 at 35.

On March 29, 2022, Plaintiff initiated the instant proceeding by filing suit in state court in New Mexico against the same parties and for the same causes of action as he alleged in his original lawsuit, invoking the New Mexico Savings Statute, N.M. Stat. Ann. § 37-1-14.  ECF No. 25 ¶ 6; ECF No. 1-2 at 1-2.  On May 5, 2022, Defendant and then-Defendant DEC removed the case to federal court.  ECF No. 1.  On April 11, 2023, Plaintiff filed the operative Amended Complaint for Personal Injuries.  ECF No. 25.

On April 21, 2023, Defendant filed the instant Rule 12(b)(6) Motion for Failure to State a Claim, asserting that Plaintiff's case is subject to dismissal because it is barred by the applicable New Mexico statute of limitations and cannot be deemed to be timely filed under the New Mexico Savings Statute.  See generally ECF No. 26.  Plaintiff filed his response on May 4, 2023.  ECF No. 27.  The Motion was fully briefed on May 18, 2023, ECF No. 29, with the filing of Defendant's Reply, ECF No. 28, and is ready for decision.

## III.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal if the complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This pleading standard does not impose a probability requirement, but it demands "more than a sheer possibility that a defendant has acted unlawfully."  Id.  Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice.  Twombly, 550 U.S. at 555. Although the court must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor, the plaintiff still "must nudge the claim across the line from conceivable or speculative to plausible."  Brooks v. Mentor Worldwide LLC, 985 F.3d 1272, 1281 (10th Cir. 2021).

"Ordinarily, consideration of material attached to a defendant's answer or motion to dismiss requires the court to convert the motion into one for summary judgment and afford the parties notice and an opportunity to present relevant evidence."  Tal v. Hogan, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).  "However, facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." Id.  Facts subject to judicial notice may include "another court's publicly filed records 'concerning matters that bear directly upon the disposition of the case at hand.'"  Hodgson v. Farmington City, 675 F. App'x. 838, 840–41 (10th Cir. 2017) (quoting United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)); see also St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979) ("[I]t has been held that federal courts, in appropriate

circumstances, may take notice of proceedings in other courts, both within and without the federal

judicial system, if those proceedings have a direct relation to matters at issue.").  However, such

records "may only be considered to show their contents, not to prove the truth of the matters

asserted therein."  Tal, 453 F.3d at 1264 n.24 (quoting Oxford Asset Mgmt., Ltd. v. Jaharis, 297

F.3d 1182, 1188 (11th Cir. 2002)).

## IV.    DISCUSSION

"A statute of limitations defense 'may be appropriately resolved on a [Rule] 12(b) motion

when the dates given in the complaint make clear that the right sued upon has been extinguished.'"

Sierra Club v. Okla. Gas & Elec. Co., 816 F.3d 666, 671 (10th Cir. 2016) (quoting Lee v. Rocky

Mountain UFCW Unions & Emp'rs Tr. Pension Plan, 13 F.3d 405, at *1 (10th Cir.1993) (Table)).

Here, the following three relevant dates appear on the face of the Amended Complaint: (1) October

31, 2017, the date of Plaintiff's accident; (2) July 6, 2020, the date Plaintiff filed his original

lawsuit in Texas state court; and (3) March 29, 2022, the date Plaintiff re-filed his case in New

Mexico state court.  ECF No. 25 at 2.  In addition, the Court takes judicial notice of various filings

in Plaintiff's original lawsuit that Plaintiff has attached as exhibits to his briefing, including

Plaintiff's Texas complaint (ECF No. 27-1) and the Texas appellate court's February 24, 2022,

Memorandum Opinion dismissing Plaintiff's original lawsuit (ECF No. 27-3).

### A.    Timeliness of Plaintiff's Original Complaint

Under New Mexico law, the statute of limitations for personal injury actions is three years.

N.M. Stat. Ann. § 37-1-8.  It is not in dispute that Plaintiff's negligence claim accrued on October

31, 2017, the date Plaintiff alleges he fell from the oil rig.  ECF No. 25 ¶ 6; ECF No. 26 at 8.

Plaintiff filed the instant action in New Mexico state court on March 29, 2022, more than four

years after his cause of action accrued on October 31, 2017.  See ECF No. 25 ¶ 6.  However,

Plaintiff commenced his original lawsuit in Texas on July 6, 2020, approximately two years and eight months after his accident.  Id.; see also ECF No. 1-3 at 1.  Consequently, Plaintiff's claim is barred by the New Mexico statute of limitations unless the New Mexico Savings Statute, N.M. Stat. Ann. § 37-1-14, applies.[1]

The New Mexico Savings Statute provides: "If, after the commencement of an action, the plaintiff fail therein for any cause, except negligence in its prosecution, and a new suit be commenced within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first."  N.M. Stat. Ann. § 37-1-14.  Section 37-1-14 "is a tolling statute, which operates to suspend the running of an otherwise applicable statute of limitations when an action is timely commenced and later dismissed, except when the dismissal is based on a failure to prosecute the action with reasonable diligence." Gathman-Matotan Architects & Planners, Inc. v. N.M. Dep't of Fin. & Admin., Prop. Control Div., 787 P.2d 411, 412–13 (N.M. 1990).  The purpose of New Mexico's saving statute is to prevent dismissal based on minor or technical errors and relieve plaintiffs who have diligently prosecuted their claims. Dale v. Equine Sports Med. & Surgery Race Horse Serv., PLLC, 836 F. App'x 657, 662 (10th Cir. 2020) (citing Foster v. Sun Healthcare Grp., Inc., 284 P.3d 389, 394 (N.M. Ct. App. 2012)).

The Court is not persuaded that Plaintiff may rely on the New Mexico Savings Statute to bring this proceeding outside of the New Mexico statute of limitations, because Plaintiff filed his original lawsuit in Texas state court after the applicable Texas statute of limitations had run. Although Section 37-1-14 does not expressly require an original lawsuit to be timely commenced in order for a plaintiff to benefit from its six-month period for refiling a second suit, New Mexico

---

[1] In the Tenth Circuit, state savings statutes apply to actions originally filed in sister states, absent compelling state precent holding otherwise.  Prince v. Leesona Corp., 720 F.2d 1166, 1169 (10th Cir. 1983).

courts have repeatedly endorsed the view, in dicta, that the Savings Statute applies only if a plaintiff's originally filed action was commenced "timely."   See, e.g., Amica Mut. Ins. Co. v. McRostie, 134 P.3d 773, 774 (N.M. 2006) (stating that Section 37-1-14 "has the effect of preventing a statute of limitations from barring a suit where the original suit was brought in a timely fashion but the statute ran before the second suit was filed"); Gathman-Matotan, 787 P.2d at 412-13 (stating that Section 37-1-14 "operates to suspend the running of an otherwise applicable statute of limitations when an action is timely commenced"); Barbeau v. Hoppenrath, 33 P.3d 675, 678 (N.M. Ct. App. 2001) (quoting Gathman-Matotan, 787 P.2d at 413); Zangara v. LSF9 Master Participation Tr., No. A-1-CA-38169, 2022 WL 16779801, at *2 (N.M. Ct. App. Nov. 8, 2022), cert. granted (Jan. 17, 2023); Flores v. Univ. of New Mexico, No. A-1-CA-39200, 2022 WL 3593653, at *4 (N.M. Ct. App. Aug. 16, 2022).   Additionally, this Court and at least one sister district court have held that Section 37-1-14 cannot rescue claims that are originally filed untimely. See Roberts v. Generation Next, LLC, No. 18-cv-00975-WJ-LF, 2019 WL 1958115, at *5 (D.N.M. May 2, 2019) (stating that the New Mexico Savings Statute could not rescue claims that were originally filed approximately five months after the statute of limitations had passed); Harrell v. G4S Secure Sols. (USA), Inc., CASE NO. 8:13CV247, 2014 WL 12059003, at *3, 5 (D. Neb. Feb. 11, 2014) (finding that Section 37-1-14 did not apply to rescue a second-filed lawsuit from the New Mexico statute of limitations where the plaintiffs filed their original action outside the forum state's statute of limitations, even though the original lawsuit was filed within the New Mexico statute of limitations).

Here, for purposes of Plaintiff's original lawsuit, the applicable statute of limitations was Texas's two-year statute of limitations for personal injury claims, see Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a), because Texas law provides that actions for personal injury filed by citizens of

Texas for injuries taking place in a foreign state must be "begun in this state within the time provided by the laws of this state for beginning the action," id. § 71.031(a)(2).  Plaintiff filed his original lawsuit in Texas on July 1, 2020, about two years and eight months after his accident.  ECF No. 25 ¶ 6.  In his briefing on the instant Motion, Plaintiff fails to respond to Defendant's argument that the New Mexico Savings Statute does not apply because his original lawsuit was not commenced timely under the Texas statute of limitations and therefore has conceded the issue.[2]  See Rock Roofing, LLC v. Travelers Cas. & Sur. Co. of Am., 413 F. Supp. 3d 1122, 1128 (D.N.M. 2019) (stating that a party's failure to substantively respond to an issue in briefing results in the party's waiver of the issue); see generally ECF No. 27.  Therefore, the Court concludes that the New Mexico Savings Statute does not apply to Plaintiff's case and cannot rescue the instant proceeding from being time-barred by the New Mexico statute of limitations.

## B.    Negligence in Prosecution

In the alternative, the Court finds that the New Mexico Savings Statute does not apply to Plaintiff's case because Plaintiff was negligent in his prosecution of his original lawsuit by filing it outside the Texas statute of limitations.  Although Section 37-1-14 should be liberally construed to vindicate New Mexico courts' "liberal policy favoring a litigant's right to his day in court," courts do not permit plaintiffs to benefit from the six-month refiling period provided for by Section 37-1-14 if the plaintiff "fail[ed] to exercise due diligence in the prosecution of his or her case."

---

[2] Plaintiff does not argue, for example, whether the law of New Mexico or Texas should apply to govern whether Plaintiff's original lawsuit was timely commenced for purposes of applying Section 37-1-14.  Because Plaintiff has conceded that his original lawsuit was filed untimely by failing to make any arguments on this point, the Court presumes but does not decide that Texas law governs whether Plaintiff's original lawsuit was timely commenced.  See Harrell, 2014 WL 12059003, at *3 (noting that New Mexico courts have not resolved the question of whether the law of an original forum state or of New Mexico governs whether an original action was timely commenced for purposes of Section 37-1-14 and finding that the law of the forum state for the original action should apply).

<u>Foster</u>, 284 P.3d at 393-94.  The scope of "negligence in [the] prosecution" of a lawsuit within the meaning Section 37-1-14 includes, but is not limited to, a plaintiff's wholesale failure to prosecute a case.  <u>See</u> <u>Gathman-Matotan</u>, 787 P.2d at 413 (stating that, for purposes of Section 37-1-14, a dismissal for failure to prosecute is functionally the same as a dismissal for negligence in prosecution).  For instance, New Mexico courts have interpreted the phrase "fail . . . for . . . negligence in its prosecution" to bar a plaintiff from invoking Section 37-1-14 where the plaintiff filed the case in an improper forum despite having known, or should reasonably have known, facts that defeated the forum's jurisdiction.  <u>Barbeau</u>, 33 P.3d at 675; <u>see also</u> <u>Foster</u>, 284 P.3d at 394 (stating that "[t]o be afforded the protection of Section 37–1–14 when commencing an action, 'the plaintiff must choose a forum that arguably has the power to decide the matter involved.'").  By contrast, a plaintiff's filing of a lawsuit in an improper venue because the plaintiff did not undertake a thorough investigation as to the propriety of that venue has been held to fall short of "negligen[t] . . . prosecution." <u>Amica</u>, 134 P.3d at 777.

Here, Defendant argues that Plaintiff was negligent in the prosecution of his original lawsuit because he did not have a reasonable basis for believing that Defendant and DEC were subject to personal jurisdiction in Texas.  Specifically, Defendant argues that Plaintiff had "full knowledge that the Texas court did not have jurisdiction and that the Texas statute of limitations barred that claim" and that Plaintiff "knew that [Defendant] was not a Texas resident because [Plaintiff] did not allege that [Defendant] was a 'citizen' or 'resident' of Texas."  ECF No. 26 at 14.  In response, Plaintiff argues that he had a good faith basis for believing Defendant and DEC were subject to personal jurisdiction in Texas because Defendant "maintains serious contacts with Texas" by "ha[ving] a registered agent in Texas[,] registering . . . with the Texas secretary of state, own[ing] thousands of acres in Texas[,] profit[ing] from thousands of barrels from oil it extracts

out of Texas land each day, employing Texas citizens in Texas, and even being involved in litigation in Texas." ECF No. 27 at 5.

A Texas court may assert personal jurisdiction over a nonresident defendant only if the Texas long-arm statute and due process requirements of the Fourteenth Amendment to the United States Constitution are satisfied. See Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C., 815 S.W.2d 223, 226–27 (Tex. 1991). The Texas long-arm statute allows a court to exercise personal jurisdiction over a nonresident defendant who "does business" in Texas. See Tex. Civ. Prac. & Rem. Code Ann. § 17.042. The phrase "doing business" in Texas's long-arm statute is interpreted broadly to permit trial courts' jurisdiction to "reach as far as the federal constitutional requirements of due process will allow," Kelly v. Gen. Interior Constr., Inc., 301 S.W.3d 653, 656 (Tex. 2010) (quoting Moki Mac River Expeditions v. Drugg, 221 S.W.3d 569, 575 (Tex. 2007)), so the statutory inquiry collapses into the constitutional analysis.

The Due Process Clause permits personal jurisdiction over a nonresident defendant "so long as there exist 'minimum contacts' between the defendant and the forum State." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). The requisite "minimum contacts" may be established in one of two ways. Intercon, Inc. v. Bell Atl. Internet Sols., Inc., 205 F.3d 1244, 1247 (10th Cir. 2000). First, the court may exercise "general jurisdiction" when a defendant is "essentially at home" in the forum state. Ford Motor Co. v. Mont. Eighth Jud. Dist. Court, 141 S. Ct. 1017, 1024 (2021). General jurisdiction "extends to any and all claims brought against a defendant," but demands proportionally greater contacts with the forum state. Id. Second, the court may exercise "specific jurisdiction" over a nonresident defendant "only for claims related to the defendant's contacts with the forum State." XMission, L.C. v. Fluent LLC, 955 F.3d 833, 840 (10th Cir. 2020).

Here, Defendant asserts that Plaintiff could not have reasonably believed Defendant and DEC had the requisite minimum contacts with Texas because Plaintiff did not allege a specific connection between Texas and Plaintiff's accident, and Plaintiff could not have reasonably believed that Defendant and DEC could be considered "at home" in Texas.  ECF No. 26 at 15-16. The Court agrees that there is no basis for finding that Plaintiff had a good faith belief that Defendant and DEC were subject to specific personal jurisdiction in Texas.  Plaintiff did not allege any specific connection between the incident giving rise to the original litigation and Texas, and on appeal he did not argue that the jurisdictional evidence he presented to the Texas Court of Appeals demonstrated Defendant and DEC were subject to the Texas court's specific personal jurisdiction.  See ECF No. 27-3 at 17; see generally ECF No. 27-1.

However, relevant to general personal jurisdiction, Plaintiff's Texas complaint alleged that Defendant and DEC "do[] a substantial amount of business in Harris County, Texas," and had registered agents for service with addresses in Texas.  ECF No. 27-1 ¶¶ 6-7.  In adjudicating Defendant and DEC's special appearances contesting personal jurisdiction, a Texas trial court found that Plaintiff's jurisdictional allegations were sufficient to invoke the Texas court's personal jurisdiction over Defendant and DEC.  See ECF No. 27-3 at 2-3.  In addition, when Defendant and DEC appealed the trial court's jurisdictional holding, Plaintiff came forward with jurisdictional evidence relevant to the issue of general personal jurisdiction, such as evidence showing the nature of the entities' interest in mineral reserves in Texas and the percentage of the entities' total oil production and oil reserves that they derived from that mineral interest. ECF No. 27-3 at 24-33. Although the Texas Court of Appeals ultimately found that Plaintiff's jurisdictional evidence was insufficient to establish general personal jurisdiction, the Court is not convinced that Plaintiff

lacked a good faith basis for believing that Defendant and DEC could have been subject to general personal jurisdiction in Texas.

Although the Court finds that Plaintiff cannot be deemed to have been negligent in the prosecution of his original lawsuit on the theory that he had no reasonable basis for believing Defendant and DEC were subject to the Texas court's personal jurisdiction, the Court finds that Plaintiff was negligent in prosecuting his original lawsuit for a different reason—namely, that he filed his case outside the Texas statute of limitations.  As previously discussed, Plaintiff initiated his lawsuit in Texas state court eight months after the Texas statute of limitations had run.  Plaintiff is represented by counsel—whose address of record is located in Texas—and is presumed to know the applicable statute of limitations.  See Jones v. Kansas, No. 08-3050-SAC, 2009 WL 424716, at *2 (D. Kan. Feb. 19, 2009) (stating that a plaintiff "is presumed to know the law as published in the statute of limitations").  Plaintiff does not respond to or contest in any way Defendant's assertion that Plaintiff knew that his original lawsuit was untimely under the Texas statute of limitations.  See generally ECF No. 27.  The Court therefore finds that, at the time Plaintiff filed his original lawsuit in Texas, he did not have a good faith basis for believing that the case would not be barred by the applicable statute of limitations.   The Court therefore considers the circumstances surrounding Plaintiff's initiation of his original lawsuit as analogous to circumstances where a plaintiff files a lawsuit in an incorrect forum without any good faith basis for believing the plaintiff is filing in the correct forum and is deemed to have shown negligence in prosecution.  See, e.g., Barbeau, 33 P.3d at 679.  Consequently, the New Mexico Savings Statute is inapplicable to Plaintiff's instant case and cannot rescue Plaintiff's claim from the New Mexico statute of limitations.

## V.    CONCLUSION

For the foregoing reasons, Defendant Devon Energy Production Company, L.P.'s Rule 12(b)(6) Motion for Failure to State a Claim, ECF No. 26, is **GRANTED**.   Plaintiff's claims against Defendant are hereby **DISMISSED WITHOUT PREJUDICE**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE